# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA JEAN FELDMAN and LEE FELDMAN, | ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 13-1711 |
| | ) Judge Nora Barry Fischer |
| BERKHEIMER TAX ADMINSTRATOR, *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

**I. INTRODUCTION**

On December 2, 2013, Plaintiffs Barbara Jean Feldman ("Mrs. Feldman") and Lee Feldman ("Mr. Feldman) (collectively, "Plaintiffs") initiated this civil action against Berkheimer Tax Administrator ("Berkheimer"), Jordan Tax Service ("Jordan"), Dormont Borough ("Dormont"), Keystone Oaks School District ("Keystone Oaks"), and Goehring, Rutter & Boehn ("Goehring") (collectively, "Defendants"). In their complaint, Plaintiffs assert several causes of action based on alleged violations of their Fourth and Fourteenth Amendment rights (Counts I – IV) in addition to raising claims of abuse of process (Count VII), conspiracy (Count VIII), embezzlement (Count IX), intentional infliction of emotional distress (Count X), and a state constitutional law challenge (Count XI).

Presently pending before the Court are Motions to Dismiss filed by Keystone Oaks (Docket No. 9), Dormont (Docket No. 19), Berkheimer (Docket No. 29), Jordan (Docket No. 34,

and Goehring (Docket No. 36). For the reasons set forth below, Defendants' Motions to Dismiss are each GRANTED.

## II. FACTUAL AND PROCEDURAL BACKGROUND

As Plaintiffs are proceeding *pro se,* the factual allegations in their complaint are to be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Washam v. Stesis,* 321 Fed.Appx. 104, 105 (3rd Cir. 2009). In 1992, Berkheimer, an entity employed by Dormont and Keystone to collect taxes, filed an action in Magisterial District Court alleging that Mrs. Feldman had failed to pay income tax on contributions to her 401(k) retirement account in 1989. (Docket No. 6 at ¶ 2). Magisterial Judge William J. Ivill III entered judgment in favor of Mrs. Feldman, apparently determining that an income tax could not be collected on her 401(k) contributions. (Id. at ¶¶ 5-6). Thereafter, from approximately 1992 through 2012, Mrs. Feldman failed to pay income tax on contributions to her 401(k) retirement account. (Id. at ¶ 11).

Consistent with her established practice, Mrs. Feldman filed a tax return in 2012 claiming a refund for the amount of tax withheld on her 401(k) contributions in 2011. (Id. at ¶ 13). The amount in question totaled $147. (Id. at ¶ 18). Jordan, a tax administrator for Dormont and Keystone, informed her that an employee's 401(k) contributions may not be deducted from her taxable income and that no refund would be remitted. (Id. at ¶ 13). The Plaintiffs challenged Jordan's position, citing the 1992 ruling by Magisterial Judge Ivill, to no avail. (Id. at ¶ 15). The instant lawsuit ensued.

In their complaint, Plaintiffs raise a litany of claims, each focused on the same question: whether a taxpayer's self-contributions to a qualified 401(k) plan are taxable under state and local law. Each of these claims is summarized below:

- Count I asserts that Defendants violated Plaintiffs' Fourth Amendment right to be free from unlawful invasions by attempting to collect the tax in question.

- Count II asserts that Defendants violated Plaintiff's due process rights as guaranteed by the Fourteenth Amendment by ignoring Magisterial Judge Ivill's 1992 decision.

- Count III alleges that the taxation of 401(k) contributions violates the equal protection clause of the Fourteenth Amendment and represents an unlawful taking.

- Count IV contends that the definition of taxable income in 61 Pa. C.S.A. 101.6(k) is unconstitutionally vague.

- Count V duplicates the equal protection claim set forth in Count III.

- Count VI raises an equal protection claim based on Defendants' alleged failure to inform the public of Magisterial Judge Ivill's 1992 decision and the implications thereof.

- Count VII raises an abuse of process claim based on Defendants' failure to afford *res judicata* deference to Magisterial Judge Ivill's 1992 decision.

- Count VIII raises a conspiracy claim based on the violations set forth in Counts I through VII.

- Count IX asserts that Defendants' appropriation of Plaintiffs' tax refund amounts to embezzlement.

- Count X alleges intentional infliction of emotional distress on the basis of Plaintiffs' outrage at Defendants' retention of their tax refund.

- Count XI contends that the definition of earned income set forth in the Pennsylvania tax code violates the uniformity clause of the Pennsylvania Constitution.

As noted above, the Defendants have each filed a motion to dismiss and Plaintiffs have responded to each motion. This matter is ripe for disposition.

## III. LEGAL STANDARDS

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

The Supreme Court in *Iqbal* clarified that the decision in *Twombly* "expounded the pleading standard for 'all civil actions.'" *Iqbal*, 556 U.S. at 684. The court further explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. *Id*. at 678-79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). The determination as to whether a complaint contains a plausible claim for relief "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 556). In light of *Iqbal*, the United States Court of Appeals for the Third Circuit has instructed that district courts should first separate the factual and legal elements of a claim and then, accepting the "well-pleaded facts as true," "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3rd Cir. 2009). Ultimately, to survive a motion to dismiss, a

plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### IV. DISCUSSION

The common thread woven through each count of Plaintiffs' complaint is whether Mrs. Feldman's self-contributions to her 401(k) pension plan in 2011 are taxable. If this question is answered in the affirmative, each of Plaintiffs' claims necessarily fails.

"The sovereign power of taxation, except that part of it ceded to the United States, is in the state . . ." *In re Curtis' Estate*, 6 A.2d 283, 284 (Pa. 1939). "In Pennsylvania, the power to tax is statutory and must be derived from enactment of the General Assembly." *H.K. Porter Company Appeal*, 219 A.2d 653, 654 (Pa. 1966). Act 511 of 1965, known as the Local Tax Enabling Act, permits a political subdivision such as a school district or borough to tax the earned income of an individual residing in that subdivision. *See* 53 P.S. §§ 6924.301.1(a), 6924.311(3), 6924.317. By virtue of two amendments enacted by the legislature in 2002 and 2004 – Act 166 of 2002, and Act 24 of 2004 - the definition of "earned income" in the Local Tax Enabling Act matches that of "compensation" in the Tax Reform Code of 1971, 72 P.S. §§7101, 7301. See 53 P.S. § 6924.501 (defining "earned income" for purposes of the Local Tax Enabling Act as "compensation as required to be reported to or as determined by the Department of Revenue under . . . the Tax Reform Code of 1971, and rules and regulations promulgated under that section."). "Compensation" is defined therein to include "items of remuneration received, directly or through an agent, in cash or in property, based on payroll periods or piecework, for services rendered as an employee . . .". 61 Pa. Code § 101.6(a).

5

With respect to the specific issue of 401(k) contributions, Pennsylvania Department of Revenue Regulations provide that contributions to a retirement plan made by employers or labor unions on behalf of an employee are excluded from the definition of compensation. *See* 61 Pa. Code § 101.6(c)(8)(ii)(A). However, "[c]ontributions to a plan *made by an employee* or other individual directly or indirectly, whether through payroll deduction, a salary reduction agreement or otherwise, *are not excludable.*" *See* 61 Pa. Code § 101.6(c)(8)(ii)(B) (emphasis added). In other words, the regulations allow a taxpayer such as Mrs. Feldman to deduct her employer's contributions to a retirement plan from her income on her tax return, but she may not deduct her own 401(k) contributions. *Id*. Pennsylvania courts have consistently upheld this regulatory scheme. *See, e.g., Boguslavsky v. North Pocono Sch. Dist.*, 11 A.3d 582, 587 (Pa. Comm. 2010) (upholding a local earned income tax on employee contributions to 401(k) plans); *Kalodner v. Commonwealth*, 615 A.2d 900, 904 (Pa. Comm. 1992) (same).

Based on the foregoing, the Defendants determined that Mrs. Feldman's self-contributions to her 401(k) plan could not be deducted from her income. In response, Plaintiffs rely almost entirely on Magisterial Judge Ivill's 1992 decision in which he held that such contributions are not taxable. Plaintiffs contend that principles of *res judicata* and collateral estoppel prevent Defendants from arguing to the contrary.

Plaintiffs' argument fails for several reasons. As an initial matter, the legal basis for Magisterial Judge Ivill's ruling is not immediately apparent from the allegations of the complaint or the exhibits attached thereto. However, even if the Court accepts – as it must, at this stage in the proceedings – Plaintiffs' inference that Magisterial Judge Ivill issued a dispositive ruling on this issue, the vitality of that decision has been undermined by intervening changes in the law. As noted above, Act 166 of 2002 and Act 24 of 2004 amended the applicable definition of

"earned income" to match that set forth in the Pennsylvania Department of Revenue Regulations. Judge Ivill's determination preceded those amendments and is no longer instructive.

The same rationale forecloses Plaintiffs' attempt to invoke the doctrines of *res judicata* and collateral estoppel. For *res judicata* to apply, the two actions must share the following characteristics: "(1) identity of issues; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of the capacity of the parties suing or being sued." *Daley v. A.W. Chesterton, Inc.*, 37 A.3d 1175, 1189-90 (Pa. 2012). However, the Third Circuit has held that "tax claims for successive years do not involve the same cause of action." *C.I.R. v. Thomas Flexible Coupling Co.*, 198 F.2d 350, 353 (3d Cir. 1952). Consequently, the only doctrine potentially implicated is that of collateral estoppel, which applies when: "(1) the issue decided in a prior adjudication is identical to the one presented in the current action; (2) there was a final judgment on the merits in the prior action; (3) the party to the current action was a party or in privity with a party to the prior adjudication; and (4) the party against whom a claim of collateral estoppel is asserted had a full and fair opportunity to litigate the issue in question in the prior adjudication." *Daley*, 37 A.3d at 1190 n. 22. In the context of income tax cases, courts have applied the collateral estoppel doctrine only where "the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." *Veterinary Surgical Consultants v. C.I.R.*, 90 Fed. Appx. 669, 670 (3d Cir. 2004); *see also Thomas Flexible Coupling*, 198 F.2d at 353 (limiting collateral estoppel in income tax cases to situations where "the controlling facts and applicable legal rules remain unchanged") (quoting *Commissioner v. Sunnen*, 333 U.S. 591, 599-600 (1933)). However, as previously discussed, the Pennsylvania legislature amended the legal definition of "earned income" during the interval between Judge Ivill's decision and the instant

action. That change in the "applicable legal rules" precludes application of the collateral estoppel doctrine here. *See Veterinary Surgical Consultants*, 90 Fed. Appx. at 670; *Thomas Flexible Coupling*, 198 F.2d at 353.

Having determined that the Plaintiffs are not entitled to the tax refund that they are seeking, the Court concludes that each of Plaintiffs' claims lacks merit and/or is frivolous. The constitutional claims set forth in Counts I, III, IV, V, X and XI each rely entirely on the underlying premise that the Defendants are not entitled to collect income tax on an employee's 401(k) contributions. Given this Court's conclusion to the contrary, each of those claims must fail. Similarly, the claims asserted in Counts II, VI and VII - each of which attacks the Defendants' failure to obey Judge Ivill's 1992 ruling – are foreclosed by this Court's determination that Judge Ivill's decision is not entitled to preclusive effect. Finally, the embezzlement and conspiracy claims alleged in Counts VIII and IX are patently frivolous.

## V. LEAVE TO AMEND COMPLAINT

The United States Court of Appeals for the Third Circuit has held that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Further, "even when [a] plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time." *Id*. Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). In the instant case, the

Court concludes that amendment would be futile because each of Plaintiffs' claims is based on a legally unsupportable position that no set of facts could overcome.

**VI. CONCLUSION**

For all of the foregoing reasons, the motions to dismiss filed by Defendants Keystone Oaks (Docket No. 9), Dormont (Docket No. 19), Berkheimer (Docket No. 29), Jordan (Docket No. 34, and Goehring (Docket No. 36) are each GRANTED. Each of Plaintiffs' claims is dismissed, with prejudice. The Clerk of Court is directed to mark this case CLOSED.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:        July 11, 2014

CM/ECF:   All parties of record

CC:          Barbara Jean Feldman
             Lee Feldman
             3100 Gaylord Ave.
             Pittsburgh, PA 15216
             (Regular and certified mail)